UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYJUAN JACKSON,

     Petitioner,

v.                                                                         Criminal Case No. 06-20368
                                                                        Honorable Patrick J. Duggan

UNITED STATES OF AMERICA,

     Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on June 9, 2008.

PRESENT:      THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

On March 28, 2008, Tyjuan Jackson ("Petitioner"), currently incarcerated at the Federal Correctional Institution in Milan, Michigan, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence for bank fraud. In his motion, Petitioner asserts that (1) he was denied due process because the Court used incorrect sentencing guidelines to determine his sentence, (2) he was denied the effective assistance of counsel due to his attorney's failure to correct the sentencing guidelines used during the sentencing hearing, and (3) he was denied the effective assistance of counsel because he did not testify at his sentencing hearing. Respondent filed a response to Petitioner's motion on April 24, 2008. On May 12, 2008, Petitioner filed an amended motion,

asserting (in addition to his previous three claims) that he was denied the effective assistance of counsel because his attorney did not sufficiently investigate facts related to his sentencing.

I.  **Factual Background**

In July 2006, a federal grand jury returned an indictment charging Petitioner with three counts of bank fraud. On November 2, 2006, Petitioner pleaded guilty to count one of his indictment, and the government agreed to dismiss counts two and three. In his plea agreement, Petitioner admitted that while he was employed at Standard Federal Bank from December 2001 to February 2003, he used customer information to create false identification documents and counterfeit checks, which he provided to third parties, allowing the third parties to steal funds totaling $38,747. Petitioner disputed the other charged conduct, and a two-day sentencing hearing with nine live witnesses was held to determine his responsibility for additional losses.[1] At the sentencing hearing, this Court concluded that Respondent had established sentencing enhancements for ten or more victims, U.S. SENTENCING GUIDELINES MANUAL § 2B1.1(b)(2)(A) (2007), the unauthorized use of a means of identification, *id.* § 2B1.1(b)(10), the abuse of a position of trust, *id.* § 3B1.3, and for a role in leading 5 or more participants, *id.* § 3B1.1(1)(A). The Court then sentenced Petitioner to 57 months imprisonment.

II.  **Analysis**

---

[1] In the plea agreement, Respondent reserved the right to prove (for sentence enhancements) Petitioner's responsibility for additional losses totaling $140,238.80 at Standard Federal Bank and two other financial institutions, Fifth Third Bank and Bank One. These losses were originally the subject of counts two and three of the indictment, which were dismissed as part of the plea agreement.

2

### A. Claim One: Incorrect Sentencing Guidelines

Petitioner first asserts that this Court determined his sentence using incorrect sentencing guidelines, violating his due process rights. Respondent argues that Petitioner procedurally defaulted this claim because he failed to raise this claim on direct appeal. Generally, a claim that is not raised on direct appeal is procedurally defaulted and a court may not address such a claim unless the petitioner can show cause for the default and prejudice stemming from it or can show that he or she is actually innocent of the crime. *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 1611 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). Petitioner does not make any claim for actual innocence, and there is only one conceivable source for Petitioner's default: he waived his right to "appeal" his conviction and sentence in his plea agreement. Even if Petitioner's failure to raise this claim on direct appeal resulted in a procedural default, procedural default is not a jurisdictional bar to a review of the merits presented in a § 2255 petition. *Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000). In other words, this Court is not required to address a procedural default issue before addressing the merits of a § 2255 petition. *Id.* The Court will therefore address the merits of Petitioner's first claim.

Petitioner asserts that incorrect sentencing guidelines were used because the number of victims was fewer than ten, making the offense enhancement under U.S. Sentencing Guidelines Manual § 2B1.1(b)(2)(A) improper. The sentencing hearing transcript, however, indicates that the Court determined, by a preponderance of the evidence, that more than ten victims were involved and the enhancement was appropriate.

(*See* 3/21/07 Tr. at 111-113.) For purposes of a § 2255 motion, the Court's findings of fact are presumed to be correct, absent clear and convincing evidence to the contrary. *See Reed v. Farley*, 512 U.S. 339, 353-54, 114 S. Ct. 2291, 2299 (1994); *McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004). Petitioner offers no evidence or explanation contradicting this Court's findings, only a conclusory allegation that they are incorrect. Because Petitioner has not demonstrated that incorrect sentencing guidelines were used, he cannot prove that his due process rights were violated. Consequently, relief is not warranted on this claim.

### B. Claim Two: Ineffective Assistance of Counsel at Sentencing

Petitioner next claims that his counsel was ineffective for failing to eliminate the bank from the "amount of loss," which Petitioner claims would have resulted in the Court finding that there were less than ten victims. In order to establish ineffective assistance of counsel, Petitioner must show "that counsel's performance was deficient ... [and] that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994).

> The court must . . . determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance . . . . At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066. Therefore, judicial scrutiny of counsel's performance must be "highly deferential." *Id*. at 689, 104 S. Ct. at 2065. One's defense

4

is prejudiced only if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694, 104 S. Ct. at 2068. "Sentencing phase claims of ineffective assistance of counsel are analyzed under the *Strickland* standard." *Darden v. Wainwright*, 477 U.S. 168, 184, 106 S. Ct. 2464, 2473 (1986).

The record contradicts Petitioner's assertion that fewer than ten victims were involved, and as stated above, Petitioner has failed to show error in the sentencing guidelines used. It follows, then, that Petitioner cannot show that counsel performed deficiently in failing to correct the alleged error. As Petitioner's claim fails to meet the first prong of the *Strickland* test, evaluation of the prejudice prong is unnecessary. Petitioner is therefore not entitled to relief on this claim.

### C. Claim Three: Ineffective Assistance of Counsel Based on Defendant's Right to Testify at his Sentencing Hearing

Petitioner claims that he was denied the effective assistance of counsel because he was advised not testify at his sentencing hearing. Petitioner states that after his counsel discussed the case with the prosecutor, counsel advised him not to testify. Petitioner supports his claim only with his belief that "if the judge would have heard my side of the story [the] outcome may have been different." Petitioner's conclusory allegation is insufficient to warrant relief under § 2255. *Elzy*, 205 F.3d 886 (finding that conclusory statement in supporting brief is insufficient to warrant relief under § 2255). Because Petitioner cannot show deficient performance by his counsel for advising him not to testify at his sentencing hearing, it is unnecessary to determine any prejudicial effect on

5

his defense. Therefore, Petitioner is not entitled to relief on this claim.

### D. Claim Four: Ineffective Assistance of Counsel Based on Failure to Investigate

Petitioner claims he was denied the effective assistance of counsel because counsel failed to conduct an adequate investigation into facts that he believes would have reduced his sentence. This claim was not raised in Petitioner's original motion to vacate, set aside, or correct his sentence. A motion to amend a § 2255 motion is governed by Rule 15 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 2242; Rule 12, Rules Governing § 2255 Proceedings. Because Respondent has already filed a response to Petitioner's original § 2255 motion, Petitioner may only amend his motion by leave of the court or written consent of the other party. FED. R. CIV. P. 15(a). Petitioner has not obtained leave of the Court or Respondent's written consent to amend. While Rule 15 provides that leave to amend shall be freely give[n] when justice so requires," *id.*, courts determining whether to grant leave to amend consider "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998). A proposed amendment is futile if it could not withstand a Rule 12(b)(6) motion to dismiss. *Ziegler v. IBP Hog Mkt.*, 249 F.3d 509, 518 (6th Cir. 2001).

Allowing Petitioner to amend his § 2255 motion to assert his fourth claim would be futile. "Counsel has a duty to make reasonable investigations or to make

a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 690-91, 104 S. Ct. at 2066-67. Petitioner contends that the Garden City Police report and a possible recording of a phone call from February 28, 2008 could have reduced his sentence. He asserts that use of this evidence would have negated the four-level offense enhancement he received as the leader of five or more participants. During Petitioner's sentencing hearing, however, this Court determined by a preponderance of the evidence that the four-level offense enhancement was appropriate. Petitioner fails to explain how the police report and recording would have assisted him in proving that he was not the leader of five or more participants. Because Petitioner has not demonstrated a sentencing error, he cannot prove that his counsel performed deficiently in failing to correct the alleged error. Therefore, amendment of Petitioner's § 2255 motion to add his fourth claim would be futile.

## III. Conclusion

For the reasons set forth above, the Court holds that Petitioner is not entitled to relief based on his claims.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

TyJuan Jackson
#40595-039
FCI Milan
Federal Correctional Institution
P.O. Box 1000
Milan, MI 48160

Leonid Feller, AUSA