UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYJUAN JACKSON,

    Petitioner,

                                                   Case No. 06-20368

v.

                                                 Honorable Patrick J. Duggan

UNITED STATES OF AMERICA,

    Respondent.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on January 11, 2011.

PRESENT:       THE HONORABLE PATRICK J. DUGGAN
                          U.S. DISTRICT COURT JUDGE

On March 28, 2008, Tyjuan Jackson ("Petitioner"), currently incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence for bank fraud. In his motion, Petitioner asserted that (1) he was denied due process through misapplication of the sentencing guidelines, (2) he was denied the effective assistance of counsel due to his attorney's failure to correct the guidelines used at his sentencing hearing, and (3) he was denied the effective assistance of counsel because his attorney advised him not to testify at his sentencing hearing. Petitioner filed an amended motion on May 12, 2008, adding a claim of ineffective assistance of counsel based on his attorney's failure to investigate facts. The

Court denied Petitioner's motion in an Opinion and Order dated June 9, 2008. Presently before the Court is Petitioner's motion for leave to amend his § 2255 petition pursuant to Federal Rule of Civil Procedure 15, filed on November 22, 2010. The Court dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1f(2), and for the reasons stated below, denies Petitioner's motion.

## I. Standard of Review

By statute, Congress has provided that habeas corpus petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend its pleading once as a matter of course within twenty-one days, or if the pleading is one to which a responsive pleading is required, within twenty-one days after service of a responsive pleading. Otherwise, a party may amend only with the opposing party's written consent or the court's leave, but the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether to grant leave to amend, the Court considers "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994).

## II. Discussion

Petitioner's motion for leave to amend purports to clarify the grounds upon which his petition is based, but the Court concludes that amendment would be futile. Petitioner first contends that he received an unwarranted four-level sentence enhancement for being the

leader of five or more participants. Petitioner argues that the enhancement was based on the allegedly false testimony of Mark Clark, a prosecution witness, and that his counsel was ineffective for failure to investigate and object to Clark's statements. For purposes of a § 2255 motion, the Court's findings of fact are presumed to be correct, absent clear and convincing evidence to the contrary. *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004). After hearing testimony at Petitioner's sentencing hearing, the Court was satisfied that Petitioner was the leader of five or more participants. Hr'g Tr. 114, Mar. 21, 2007. Petitioner has not set forth clear and convincing evidence to the contrary; he simply asserts that Clark's testimony was false. This assertion is plainly insufficient to support a claim of ineffective assistance of counsel.

Petitioner similarly contends that he received an unwarranted two-level sentence enhancement based on an erroneous finding that his crime involved ten or more victims. He argues that his counsel was ineffective for failure to object to this enhancement. The Court, however, determined by a preponderance of the evidence that more than ten victims were involved and the enhancement was appropriate. Hr'g Tr. 112-13. Petitioner has failed to set forth any evidence to the contrary, and therefore cannot show that his counsel performed deficiently. The Court concludes that amendment of Petitioner's § 2255 motion would be futile.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Leave to Amend § 2255 Petition is **DENIED**.

                                        s/PATRICK J. DUGGAN

                                UNITED STATES DISTRICT JUDGE

Copies to:
Leonid Feller, A.U.S.A.

Tyjuan Jackson, #40595-039
FCI Fort Dix
Federal Correctional Institution
P.O. BOX 2000
Fort Dix, NJ 08640